Ronald W. Meister (rwm@cll.com)
Eric J. Shimanoff (ejs@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
*Attorneys for Defendant New York City Center, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| JR CATERERS, INC., | : |
| Plaintiff, | : |
| -against- | : Civil Action 12 CV 7073 (LLS) |
| NEW YORK CITY CENTER, INC., | : |
| Defendant. | : |

------------------------------------------------------------------ x

## **ANSWER**

Defendant, New York City Center, Inc., by its attorneys, Cowan, Liebowitz & Latman, P.C., answering the Complaint herein:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Admits that Plaintiff so characterizes its claims, and denies that Defendant is liable on any such claims.

4. Admits the allegations of paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Admits the allegations of paragraph 6 regarding issuance of the registration number 2,193,515, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff remains the owner and holder of such registration.

7. Admits the allegations of paragraph 7 regarding issuance of the registration number 1,672,252, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff remains the owner and holder of such registration.

8. Admits the allegations of paragraph 8 regarding issuance of the registration number 3,158,475, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff remains the owner and holder of such registration.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. With regard to the allegations of paragraph 12, admits that on or about September 21, 2011, Ben Natter sent a copy of the email annexed to the complaint as Exhibit D to the internet addresses listed, refers to that Exhibit for its contents, and otherwise denies the allegations of paragraph 12.

13. Denies the allegations of paragraph 13, except admits that Defendant desired to continue use of the name "Cotton Club Parade" in connection with six performances at the City Center in November, 2011, and that the parties executed an agreement on or about October 6, 2011, a copy of which is annexed to the Complaint as Exhibit E.

14. With regard to the allegations of paragraph 14, refers to Exhibit E for its contents and otherwise denies the allegations.

15. With regard to the allegations of paragraph 15, refers to Exhibit E for its contents and otherwise denies the allegations.

16. Admits that promotional materials for Defendant's performances of Cotton Club Parade included references to Plaintiff's mark and logo, and otherwise denies the allegations of paragraph 16.

17. Admits that on or about May 21, 2012, Defendant contacted Plaintiff's counsel, informed him of Defendant's plans for a limited revival of the show Cotton Club Parade in November 2012, provided other information about publication and performance dates, and requested a continuation of the agreement the parties had reached in 2011, and otherwise denies the allegations of paragraph 17.

18. Admits that Defendant and Plaintiff's representative had conversations regarding performances of Cotton Club Parade, that no negotiations took place after about July 18, 2012, and otherwise denies the allegations of paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Admits that on or about August 23, 2012 Plaintiff's counsel forwarded a letter to Defendant, a copy of which is annexed as Exhibit F to the Complaint, refers to that letter for its contents, and otherwise denies the allegations of paragraph 20.

21. Admits that Defendant did not provide Plaintiff with a written confirmation in the form requested in Plaintiff's counsel's August 23 letter, denies that Defendant is infringing Plaintiff's mark or violating an agreement, and otherwise denies the allegations of paragraph 21.

22. Denies the allegations of paragraph 22.

23. With regard to the allegations of paragraph 23, repeats and realleges its responses to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Denies the allegations of paragraph 24.

25. Denies the allegations of paragraph 25.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

28. With regard to the allegations of paragraph 28, repeats and realleges its responses to the allegations of paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Denies the allegations of paragraph 29.

30. Denies the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33.

34. With regard to the allegations of paragraph 34, repeats and realleges its responses to the allegations of paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Denies the allegations of paragraph 35 and further alleges that no license, permission, consent, or authorization from Plaintiff is required.

36. Admits that Defendant is promoting musical performances under the name Cotton Club Parade in interstate commerce, and otherwise denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

38. Denies the allegations of paragraph 38.

39. Denies the allegations of paragraph 39.

40. With regard to the allegations of paragraph 40, repeats and realleges its responses to the allegations of paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Denies the allegations of paragraph 41.

42. Denies the allegations of paragraph 42.

43. Denies the allegations of paragraph 43.

44. Denies the allegations of paragraph 44.

45. With regard to the allegations of paragraph 45, repeats and realleges its responses to the allegations of paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. Denies the allegations of paragraph 46.

47. Denies the allegations of paragraph 47.

48. Denies the allegations of paragraph 48.

49. Denies the allegations of paragraph 49.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. The Complaint fails to state a claim on which relief can be granted.

2. The Court lacks subject matter jurisdiction over plaintiff's state law and common law claims.

3. The Complaint is barred by laches.

4. Plaintiff's claims are barred in whole or part by the doctrine of unclean hands.

5. Plaintiff's damages, if any, are remote, uncertain, speculative and without basis in law or in fact.

6. Plaintiff has failed to mitigate its damages, if any.

7. Plaintiff's claims are barred in whole or part by the First Amendment.

**WHEREFORE**, Defendant demands judgment:

1. Dismissing the complaint herein;

      2.      Granting Defendant the costs and disbursements of this action, and reasonable attorney's fees; and

      3.      Granting Defendant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      October 12, 2012

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By:    s/ Ronald W. Meister
      Ronald W. Meister (rwm@cll.com)
      Eric J. Shimanoff (ejs@cll.com)
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
*Attorneys for Defendant New York City Center, Inc.*